### OSCAR UNNA *vs.* CECIL BROWN *et als.*

Appeal from Decree of the Chancellor.

October Term, 1887.

Judd, C.J., McCully, Preston and Bickerton, JJ.

The power given to the receiver (of a plantation) is limited by the terms of the order appointing him.

Cash advances made by the receiver do not take a lien prior to existing mortgages, the mortgagees not being parties to the proceedings for a receivership, and the order does not imply that an outlay may be made otherwise than out of the receipts from the plantation.

Decree confirmed.

Opinion of the Court, by McCully, J.

For the statement of facts in the case we refer to the opinion of the Chief Justice and Chancellor, whose decree is here appealed from. See 6 Hawn., 676.

It will be seen from it that the question in controversy is whether the advances made by the plantation agents, Messrs. Grinbaum & Co., after the appointment of a receiver, are a lien on the property, taking precedence of the mortgages existing at

the date of the appointment. This comes up on the motion for distribution of the proceeds of the sale of the plantation. It is claimed by counsel for Messrs. Grinbaum & Co., that the Court should see to the payment from money in its hands of debts which it has authorized the receiver to contract.

The power given to the receiver is limited to the terms expressed in the order. We quote what is necessary in this connection. The receiver is "to take possession of the money, assets and other property of the Hana Plantation * * with power to make such contracts as he may deem proper for obtaining money to be advanced for carrying on said plantation, including the usual and necessary outlays thereon for labor, salaries, rents, taxes and otherwise, and for the sale of the sugars to be made thereon, but no unusual outlay for improvements or otherwise upon said property exceeding in any one item the sum of five hundred dollars shall be made without the express approval of this Court, and with power to pay out of the moneys to be obtained the interest as it shall from time to time become payable upon the mortgages now outstanding upon said plantation * * * and with power and obligation generally to do and perform the duties of a receiver in equity. And further, that the receiver do take out of the proceeds of said property a monthly sum for his compensation * * * and reasonable traveling expenses * * * and that a monthly sum be allowed out of the receipts of said property for the support and maintenance of the widow and child of August Unna."

The language of Brewer, J., in *Wabash R. R. et al. vs. Central Trust Co.*, 22 Federal Reporter, p. 272, cited in support of the claim here made, very carefully limits the duty of the Court to supporting obligations of receivers, above existing liens, to such as have been authorized to be made superior to them.

In High on Receivers, §394 *a* and *b*, it is admitted that while indefensible upon principle, it is nevertheless established by authority, that unsecured debts in certain circumstances occurring in railway receiverships may be preferred to mortgages,

and•that this is based on the principle that the Court having undertaken the management of the railway at the request and for the benefit of the mortgage creditors, all necessary expenses incurred in such management are a prior charge on the property. But to warrant the payment of the receiver's operating expenses as for money advanced, supplies and damages incurred, out of the *corpus* of the mortgaged property in preference to the bond-holders, such privity must be specially authorized by the Court, and it cannot be allowed merely under an order authorizing him to pay operating expenses out of income.

In *Fosdick vs. Schall*, 99 U. S. Sup. Ct., at page 253, Chief Justice Waite says : " The mortgagee has his strict rights, which he may enforce in the ordinary way. If he asks no favors he need grant none. But if he calls upon a Court of Chancery to put forth its extraordinary powers, and grant him purely equitable relief (by apointment of a receiver), he may with propriety be required to submit to the operation of a rule which always applies in such cases, and do equity in order to get equity."

If in the case before us it were the fact that at the death of Mr. August Unna, and on the surviving partner coming in with a bill for the appointment of a receiver to carry on the plantation, the mortgagees had joined in the application, as a measure needed to save their interests, the law above cited would require that they should contribute to the loss made in the effort to save or restore the value of the plantation. The fact is otherwise. They were not made parties, and they did not come forward as parties. The plantation was at that time good for their security. They would not be benefited by its being brought to a greater value. The unsecured creditors and the devisees were alone interested in such a result.

It is claimed in argument that the mortgagees had notice by the payment of their interest by the receiver, and that they received this benefit from the receivership, and therefore are bound to share in the loss. The mortgagees had knowledge probably of the receivership proceedings, but they cannot be held bound to come in, in support of an arrangement of no

benefit to themselves. The payment of interest on the mortgages was a necessary condition to continuing to run the plantation by a receiver, under the fact that the mortgagees had not asked it, and that they did not need to have the plantation kept up to value beyond the time required to sell under foreclosure, or by taking possession.

This distinguishes this case from *Fosdick vs. Schall*, where the mortgagees made application, and the appointment of a receiver was made in part in their interest.

See also *Raht vs. Atrill*, N. Y. Court of Appeals, October 4th, 1887, the Court holding that the order appointing a receiver could not subvert the priority of mortgage liens. Albany L. J. of November 12, 1887, p. 393.

It will be seen by reference to the terms of the order appointing a receiver, that the Court has not therein assumed the right to give advances made by him a prior lien. The payment of the receiver's salary is allowed out of the " proceeds " and the payment to the widow from the " receipts " of the property. Nothing said elsewhere implies that the outlays provided for are to be from anything but the receipts or proceeds. The *corpus* of the property, under all the facts and circumstances of the case, cannot be held chargeable with any lien having a priority over those existing at the date of the receiver's appointment.

We have not deemed it necessary to comment further in addition to what is expressed in the opinion of the learned Chancellor, which we have adopted, and whose decree is hereby confirmed.

*F. M. Hatch* and *S. B. Dole*, for Messrs. Grinbaum & Co.

*W. A. Kinney* and *W. O. Smith*, for the mortgagees.

N. B.—The decision of the chancellor, appealed from, was inadvertently published in 6 Haw'n., at page 676, instead of being held over for the present volume.